WESTERN UNION TEL. CO. (COLGATE v.). See Cases Nos. 2,994 and 2,995.

WESTERN UNION TEL. CO. (PENSACOLA TEL. CO. v.). See Case No. 10,960.

WESTERN UNION TEL. CO. (STEPHENS & C. TRANSP. CO. v.). See Cases Nos. 13,370 and 13,371.

WESTERN UNION TEL. CO. (STRAUSE v.). See Case No. 13,531.

---

## Case No. 17,445a.

### In re WESTERVELT.

[3 N. J. Law J. 279.]

District Court, D. New Jersey. 1880.

BANKRUPTCY—RENT OF PROPERTY BELONGING TO WIFE OF BANKRUPT—RIGHTS OF ASSIGNEE.

A note given to a bankrupt in his own name for rent of a house belonging to his wife cannot be obtained by the assignee. If he thinks the house was fraudulently conveyed to the wife, he must file a bill to set aside the conveyance.

[In the matter of C. C. Westervelt, a bankrupt.]

Mr. W. O. Sayles, for assignee.
Collins & Corbin, for bankrupt.

NIXON, District Judge. This is an application to the court by the assignee of the bankrupt estate for an order directing the bankrupt to deliver up a certain promissory note, dated February 1, 1876, for three hundred and sixty-nine 95/100 dollars, given to him by one James King for rent due for the occupancy of a house and lot, the title of which stood in the name of Catherine Westervelt, the wife of the bankrupt. The husband had the possession and control of the note at the time the petition in bankruptcy was filed; but he did not include the same in his schedule of assets of his estate. on the ground that it was for the proceeds of his wife's property and belonged to her. He has recently instituted a suit in her name in the marine court of the city of New York to collect the money due upon the note. This fact coming to the knowledge of the assignee, he has deemed it his duty, acting in the interest of the general creditors. to take this step to obtain the custody or the proceeds of the note.

I have read the testimony with care, and do not. see my way clear to make the order asked for. If the real estate belonged to the wife at the time the rent accrued, the rent did not cease to be hers, because her husband, while acting as her agent, took the note in his, rather than in her, name. The assignee seems to be desirous of determining in this proceeding the question of the real ownership of the house and lot whence the rent issued; but it cannot be done in such a collateral way. If the assignee had grounds for believing that the putting of the title of the

real estate in the name of the wife was a fraud upon the creditors, and the testimony tends strongly in that direction, it was his duty to the creditors to take the proper steps to have the transfer set aside. As long as the legal title is in her name, she is entitled to the rents; and it must remain in her until a court of competent jurisdiction acting in the case decides otherwise.

The application must be denied, but, under the circumstances, without costs.